FILED
CLERK, U.S. DISTRICT COURT

JAN I 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEREK ANTHONY LOUD, | Case No. CV 08-08591 ODW (AN) |
| Petitioner, | ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |
| v. | |
| DERRAL G. ADAMS, Warden, | |
| Respondent. | |

## I. Background

On December 29, 2008, petitioner Derek Anthony Loud, a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). By his Petition, Loud seeks federal habeas relief from his current state custody arising from his 2000 state conviction and related twenty-five years to life prison sentence for grand theft that he sustained in the California Superior Court for Los Angeles County in case no. MA020316 ("2000 Conviction"). (Pet. 2; Official records of California courts.[1])

---

[1]   The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1       However, this Court's records[2] establish that the Court lacks jurisdiction to
2 consider the Petition because it is an unauthorized successive petition.

3       Specifically, on December 12, 2003, Petitioner filed his first § 2254 petition with
4 this Court challenging his state custody arising from his 2000 Conviction ("2003
5 Petition"). (CV 03-09065 DT (AN).)   The 2003 Petition raised five claims, one of
6 which consisted of an insufficient evidence claim where Petitioner contended there was
7 insufficient evidence in support of his 1992 prior robbery conviction (ground five). The
8 Court found each of the five claims raised in 2003 Petition lacked merit, therefore, the
9 2003 Petition was dismissed with prejudice. (*Id.*, Judgment (dkt #15).)

10       The pending Petition and attached exhibits establish Petitioner continues to seek
11 federal habeas relief from his state custody arising from his 2000 Conviction.   The
12 pending Petition raises one insufficient evidence claim where he principally "contends
13 that there was insufficient evidence to prove he had been convicted of two (2) prior
14 serious felonies (strikes) because the only evidence sued was a 969b prison packet." Pet.
15 5(A)(7).)  But neither the Petition nor attached exhibits establish that the United States
16 Court of Appeals for the Ninth Circuit has authorized Petitioner to bring a second or
17 successive petition in this Court. To the contrary, the Court takes judicial notice that the
18 official records of the Ninth Circuit, and those of this Court, establish that the Ninth
19 Circuit expressly denied Petitioner's request for a certificate of appealability  with
20 respect to his 2003 Petition. *Loud v. Solis*, no. 04-56730 (9th Cir., order filed Feb. 23,
21 2005); CV 03-09065 DT (AN), Mandate (dkt #23).
22 ///
23 ///

27
28    [2]  The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## II. Discussion

The United States Supreme Court recently explained:

> The Antiterrorism and Effective Death Penalty Act of 1996
> (AEDPA) established a stringent set of procedures that a
> prisoner "in custody pursuant to the judgment of a State
> court," 28 U.S.C. § 2254(a), must follow if he wishes to file a
> "second or successive" habeas corpus application challenging
> that custody, § 2244(b)(1).  In pertinent part, before filing the
> application in the district court, a prisoner "shall move in the
> appropriate court of appeals for an order authorizing the
> district court to consider the application." § 2244(b)(3)(A).
> A three-judge panel of the court of appeals may authorize the
> filing of the second or successive application only if it
> presents a claim not previously raised that satisfies one of the
> two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C);
> *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S.Ct. 2641,
> 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin,* 518 U.S.
> 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. ---, 127 S. Ct. 793, 796-99 (2007).

Based upon the foregoing, the Court finds Loud's pending Petition is clearly a "second or successive" habeas petition relative to his 2003 Petition that was dismissed on the merits. Moreover, the Petition, attached exhibits, and records of the Ninth Circuit establish that Loud has not sought and been granted authorization by the Ninth Circuit to file his pending Petition raising the insufficient evidence claim.

///

///

3

1        Based upon the foregoing, the Court finds the Petition is an unauthorized
2   successive petition, and that this Court lacks jurisdiction to consider it.  Therefore, the
3   reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of
4   jurisdiction.  *See Burton*, *id*.  The Clerk is directed to enter the judgment dismissing the
5   Petition.  Any and all other pending motions are terminated.

6

7        IT IS SO ORDERED.

8

9   Dated: January 12, 2009

10                                       OTIS D. WRIGHT II
                                   UNITED STATES DISTRICT JUDGE

11  Presented by:

12

13  **/ s /  ARTHUR NAKAZATO**
           Arthur Nakazato
14  United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4